IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BERNADETTE J. JOHNSON,
    Plaintiff,

v.                              CIVIL ACTION NO. 23-CV-2758

EXPERIAN INFORMATION
SOLUTIONS, INC., *et al.*,
    Defendants.

## MEMORANDUM

**PRATTER, J.**                                                                 AUGUST 14, 2023

Plaintiff Bernadette J. Johnson initiated this civil action by filing a *pro se* Complaint against Experian Information Solutions, Inc., Equifax Inc., TransUnion LLC, and Synchrony Bank. Ms. Johnson's Complaint raises claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). She also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Ms. Johnson leave to proceed *in forma pauperis* and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ms. Johnson will be given an opportunity to file an amended complaint in the event she can cure the deficiencies in her initial Complaint identified by the Court.

### I.    FACTUAL ALLEGATIONS

In the present case,[1] Ms. Johnson alleges that she is a consumer as defined by the FCRA and that in "January 2023" she "obtained a copy of her consumer report and discovered incomplete, inaccurate, false information furnished by the Defendant, specifically a tradeline by Synchrony Bank account number" related to an account ending in 7048. (Compl. at 2.)[2] Ms. Johnson further

---

[1]    Ms. Johnson filed four cases raising claims pursuant to the FCRA on the same day. (Civil Action Nos. 23-2757, 23-2758, 23-2759, 23-2760.)

[2]    The Court adopts the pagination supplied by the CM/ECF docketing system.

claims that "[o]n or about February 2023" she "sent written disputes to Synchrony Bank disputing the completeness and/or accuracy of the account, specifically the last verified was inaccurate; the date of last activity was inaccurate; the date opened was inaccurate; and the payment status was inaccurate." (*Id.* at 2-3.) Ms. Johnson claims "[u]pon information and belief, Synchrony Bank, Experian Information Solutions Inc., Equifax Inc. and TransUnion LLC sent a dispute to Synchrony Bank providing all relevant disputed information." (*Id.* at 3.) According to Ms. Johnson, in "March 2023," she "noticed that the inaccurate account information was still being reported on her consumer report." (*Id.*)

Ms. Johnson contends that, as a result of Defendants' actions, she has suffered damages including decreased credit scores resulting in the denial of credit, or being granted credit with a much higher interest rate, severe humiliation, and emotional distress and anguish. (*Id.*) As relief, she seeks monetary compensation. (*Id.* at 8.)

## II.   STANDARD OF REVIEW

Because Ms. Johnson appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting

*Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

## III. DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[3]

---

[3] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

3

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). "[I]nformation that is technically accurate but materially misleading

4

is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

To state a plausible claim under the FCRA against a furnisher of credit information, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). "[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)). Similar to claims under § 1681e or § 1681i, courts have explicitly held that a showing of inaccuracy is essential to a § 1681s-2(b) claim in regard to furnishers of credit information. *Holland*, 574 F. Supp. 3d at 298 (citations and internal quotation marks omitted).

### A. Claims Against Synchrony Bank

Ms. Johnson names as a defendant Synchrony Bank and alleges that in January 2023 she obtained a copy of her consumer report that contained inaccurate information furnished by Synchrony Bank, specifically a tradeline concerning an account number ending in 7048. (*See* Compl. at 2.) Although she did not reference § 1681s-2(b) in the Complaint, the Court understands Ms. Johnson to allege that Synchrony Bank acted as a "furnisher" under the FCRA. *See* 15 U.S.C. § 1681s-2; *Donohue v. C. Blosenski Disposal Co.*, No. 05-5356, 2006 WL 3423888, at *1 (E.D. Pa. Nov. 28, 2006) ("While the FCRA does not explicitly define, 'furnisher of information,' the Courts have defined the term to mean 'an entity which transmits information concerning a particular debt owed by a consumer to a consumer reporting agency.'"). Nonetheless, Ms. Johnson has not pled a plausible claim against Synchrony Bank for several reasons.

While Ms. Johnson alleges that she notified Synchrony Bank of the allegedly inaccurate information, Ms. Johnson has not clearly alleged that she disputed the allegedly inaccurate information with the credit reporting agency defendants, as required by the FCRA. Instead, she claims that "[o]n or about February 2023 Plaintiff sent written disputes *to Synchrony Bank* disputing the completeness and/or accuracy of the account. . . ." *See* Compl. at 2-3 (emphasis added). Additionally, Ms. Johnson circuitously alleges that "[u]pon information and belief, Synchrony Bank, Experian Information Solutions Inc, Equifax Inc and TransUnion LLC sent a dispute to Synchrony Bank providing all relevant disputed information." (*See* Compl. at 3.) Ms. Johnson also does not allege that Synchrony Bank failed to reasonably investigate the dispute after being notified by the consumer reporting agencies, as required to plausibly allege a claim pursuant to § 1681s-2(b).

Furthermore, Ms. Johnson's allegations of inaccuracy are conclusory and undeveloped. While Ms. Johnson indicates that she "sent written disputes to Synchrony Bank disputing the completeness and/or accuracy of the account, specifically the last verified was inaccurate; the date of last activity was inaccurate; the date opened was inaccurate; and the payment status was inaccurate," (*see* Compl. at 2-3), she does not specify how the information was inaccurate. *See Holland*, 574 F. Supp. 3d at 302 (noting that there must be a threshold showing of inaccuracy to make a claim against a furnisher). Thus, Ms. Johnson has not sufficiently set forth facts describing what inaccurate information she believes was included in her consumer reports, or clearly explained why the information was inaccurate. *See, e.g., Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019) (plaintiff failed to state FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations); *Villalobos v. Citi Bank NA*, No. 22-1837, 2023 WL 3035315, at *5 (M.D. Pa. Feb. 2, 2023) ("Plaintiff has provided no information about what the negative credit information consisted of (aside from allegations that it was related to a BestBuy credit card), and has failed to explain in what respect the reported information was false."); *Gittens v. Sterling Jewelers Inc.*, No. 15-5872, 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016) ("The complaint does not say what the negative credit information consisted of, or in what respect it was false."). Accordingly, Ms. Johnson fails to allege a plausible FCRA claim for relief against Synchrony Bank.

### B.    Claims against Experian, Equifax, and TransUnion

Ms. Johnson presents several claims based on the alleged failures of Defendants Experian, Equifax, and TransUnion to fulfill their responsibilities under § 1681e(b) and § 1681i(a) of the FCRA.[4] (*See* Compl. at 3-7.) Specifically, she contends that Experian, Equifax and TransUnion: failed to follow reasonable procedures to assure maximum possible accuracy of the Synchrony Bank tradeline information when preparing a consumer report concerning Ms. Johnson in violation of § 1681e(b); failed to comply with the reinvestigation requirements of § 1681i(a)(2) by "failing to consider and forward all relevant information to the CRA's"; failed to delete information that was inaccurate or could not be verified in violation of § 1681i(a)(4); violated § 1681i(a)(5) by treating the alleged inaccurate information improperly; and, violated § 1681i(a)(6)(B)(iii) "in that they failed to have a procedure to prevent giving false information upon re-investigation." (*Id.*)

As noted above, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs*, 43 F.4th at 342-43; *Angino*, 784 F. App'x at 69. For the same reason that Ms. Johnson's claims against Synchrony Bank fail, her claims against Experian, Equifax, and TransUnion also fail. The allegations of inaccuracies in Ms. Johnson's Complaint are sparse and undeveloped. Ms. Johnson has not clearly identified the allegedly inaccurate credit history information, nor alleged any facts about how the information was inaccurate. *See Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that the complaint failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v.*

---

[4]    Although Ms. Johnson purports to raise claims against each Defendant under § 1681e(b) and § 1681i, she may not raise these claims against Synchrony Bank as a furnisher of information. As noted above, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information. *See SimmsParris*, 652 F.3d at 358. Accordingly, the Court will not address Synchrony Bank in the context of the § 1681e(b) and § 1681i(a) claims.

8

*Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report).

Furthermore, while Ms. Johnson cites to various sections of the FCRA and alleges that Defendants Experian, Equifax, and TransUnion failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a), Ms. Johnson's allegations concerning their actions, or lack thereof, are merely conclusory. *See* Compl. at 3-7; *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims). Accordingly, Ms. Johnson's Complaint fails to allege a plausible claim for relief against Defendants Experian, Equifax and TransUnion at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ms. Johnson's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Ms. Johnson will be given leave to file an amended complaint in the event she can state a plausible basis for a claim against the named Defendants. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

_____
GENE E.K. PRATTER, J.